**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**REGINALD MITCHELL FLANAGAN,**
       Petitioner,

vs.                                      No. 3:10-CV-0585-B(BK)
                                                 ECF
**RICK THALER, Director,**             Referred to U.S. Magistrate Judge
**Texas Department of Criminal**
**Justice, Correctional Institutions Division,**
       Respondent.

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Orders 3-251 and 3-283 and 28 U.S.C. § 636(b), this case has been referred to the undersigned for findings, conclusions, and a recommendation.

**I. BACKGROUND**

**I. Factual and Procedural History**

Petitioner has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Doc. 1). The respondent is Rick Thaler, Director of TDCJ-CID.

Petitioner is presently serving a 20-year sentence for possession of cocaine with intent to deliver. *Flanagan v. State*, No. 05-07-00543-CR (Vol. 1 of State Record). The trial transcript reveals that on August 8, 2006, uniformed Dallas police officer Daniel Torres and his partner were patrolling in their marked police car an area of town known for drug and gang activity. (Vol. 3 of State Record, Transcripts Vol. 3 at 17-19). Petitioner jaywalked across the street and, when the officers asked to talk to him, he waved them away. (*Id.* at 21-23). When Officer Torres got out of the car and began to approach Petitioner, Petitioner fled. Officer Torres chased him approximately 75 yards, following closely behind him, during which time Petitioner reached into his pocket and threw away a plastic bag containing a white substance. (*Id.* at 24-26).

Officer Torres chased Petitioner for about 15 feet more, before knocking him down and arresting him. At that point, Officer Torres retrieved the plastic bag and saw that it contained a yellow, rock-like substance, which he identified as crack cocaine. (*Id.* at 27).

The state's forensic scientist testified that the substance was contained in two plastic bags, weighed 55 grams, and tested positive for cocaine. (*Id.* at 39-40, 44). Narcotics Division Detective Barry Ragsdale, a 17-year veteran of the Dallas Police Department, testified as to the significance of the drug packaging in Petitioner's case. (*Id.* at 57, 62). He averred that the larger of the two plastic bags contained two bigger chunks of crack cocaine and a smaller bag contained several small chunks of crack cocaine in saleable pieces. (*Id.* at 62-63). Detective Ragsdale opined that the 55 grams of crack cocaine was not for Petitioner's personal use because most crack cocaine users purchased individual doses weighing approximately one tenth of a gram. (*Id.* at 64-65). Thus, based on the weight of the crack cocaine and the way it was packaged, Detective Ragsdale believed that Petitioner intended to deliver the drugs. (*Id.* at 65). The jury found Petitioner guilty of possession of cocaine with intent to deliver, and the court sentenced him to 20 years' confinement. *Flanagan v. State*, No. 05-07-00543-CR (Vol. 1 of State Record).

Petitioner unsuccessfully appealed his conviction, raising, *inter alia*, claims of (1) legally and factually insufficient evidence, and (2) a violation of his right to his counsel of choice. *Flanagan v. State*, No. 05-07-00543-CR (Vol. 1 of State Record at 2-3). The appellate court described the facts as follows: Officer Daniel Torres was patrolling a known drug area in his police car when he attempted to flag down Petitioner for jaywalking. Petitioner fled, and Officer Torres was running approximately five feet behind him when Petitioner reached into his pocket

and dropped a plastic bag containing a white substance. Officer Torres apprehended Petitioner after a short chase and retrieved the bag, which contained 55 grams of cocaine. (*Id.* at 2). Detective Ragsdale, an expert in narcotics investigation, described that Officer Torres had retrieved two plastic bags containing crack cocaine, one of which contained small chunks that had been broken down from larger chunks. Based on his expertise, Detective Ragsdale opined that a person who possessed 55 grams of crack cocaine, some of which was in saleable sizes, was possessing it with the intent to deliver. *Id.*

Although Petitioner argued that these facts were legally insufficient to prove that he intended to deliver the cocaine, the appellate court applied *Jackson v. Virginia*, 443 U.S. 307 (1979), to conclude that Detective Ragsdale's opinion was sufficient evidence of Flanagan's intent to deliver. *Id.* at 7. The appellate court also rejected Flanagan's challenge to the factual sufficiency of the evidence, ruling that the state had proved Flanagan's connection to the cocaine via Officer Torres's testimony. *Id.* at 7-8.

Following his appeal, Petitioner filed a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals raising, among other issues, (1) the trial court's allegedly erroneous order that he proceed to trial with an attorney that he did not want, and (2) the factual and legal sufficiency of the evidence against him. (Vol. 1 of State Record, "Petition for Discretionary Review" filed Oct. 15, 2008 at 7, "Memorandum in Support" filed Sept. 10, 2008 at 2-5, 7). The court refused his request in November 2008. (Vol. 1 of State Record, *Flanagan v. State*, P.D.R. No. 1303-08).

In February of 2009, Petitioner filed a state habeas petition, raising, in relevant part, his prior appellate arguments regarding his being forced to proceed to trial with an attorney he did

3

not want and the insufficiency of the evidence. (Vol. 1 of State Record, state habeas corpus filings at 1-9, Supporting Memorandum at unnumbered 1-3). The trial court found that (1) Petitioner's trial counsel issue was procedurally barred, and (2) his sufficiency issues were not cognizable on habeas review. (Vol. 1 of State Record, state habeas corpus filings at 116-17). In December of 2009, the Texas Court of Criminal Appeals adopted the trial court's findings and denied Petitioner habeas relief. (*Id.* at unnumbered p. 2).

In March of 2010, Petitioner filed this 28 U.S.C. § 2254 petition, arguing that the state did not adequately prove the elements of the charged offense, thus rendering the evidence against him legally insufficient. Petitioner also raises a new claim, maintaining that the trial judge wrongly ejected him from the courtroom when he opposed the representation of his assigned counsel, and thus he was not allowed to participate fully in his trial. (Doc. 1 at attached Brief at 4-12).

Respondent first argues that Petitioner's right of presence claim is unexhausted and procedurally barred because Petitioner did not raise the claim either on direct appeal or on state habeas review, and, in any event, the claim fails on the merits. (Doc. 8 at 7-8). Secondly, Respondent contends that the state court's rejection of Petitioner's legal insufficient-evidence claim was objectively reasonable, and any claim of factual insufficiency he may be raising is not cognizable on habeas review. (Doc. 8 at 8-12 & n.2). Respondent also believes that Petitioner is raising in his section 2254 petition his prior claim that the trial court erred in denying his motion to remove appointed counsel, but the undersigned does not read the section 2254 petition so broadly. (*Id.* at 5-7).

**II. Procedurally Barred Claim**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with section 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review on direct appeal or in an application for a writ of habeas corpus. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A petitioner's failure to exhaust is generally a procedural bar to federal habeas review although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default, or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008).

Upon review of Petitioner's state appellate brief, PDR, and state petition for writ of habeas corpus, he did not raise in the state court his current section 2254 claim that he was denied the right to be present during trial after the trial court judge evicted him from the courtroom. Accordingly, the claim is unexhausted. *Morris*, 413 F.3d at 491. Further, because Petitioner has made no attempt to demonstrate cause and prejudice or show that a fundamental miscarriage of justice would occur if this court were to refuse to consider his claims, the claim is procedurally barred from federal habeas review. *Ries*, 522 F.3d at 523-24.

**III.     Applicable Substantive Law and Analysis**

Under 28 U.S.C. § 2254(d), a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the

claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), if the state court (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or (2) decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to section 2254(d)(1)'s "unreasonable application" standard, *Williams* instructs that a writ must issue if the state court accurately identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 407-08. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501

6

(5th Cir. 2000). Under section 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In *Jackson*, the Supreme Court held that the relevant question when reviewing a sufficiency of the evidence challenge in a section 2254 proceeding is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. This inquiry must be made against the backdrop of section 2254(e), requiring deference to state court findings of fact. *See Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005). "All credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Id.* The federal habeas court gives "great weight" to a state court determination that sufficient evidence supports the conviction. *See Miller v. Johnson*, 200 F.3d 274, 286 (5th Cir. 2000).

*Jackson* requires that federal habeas review for legally sufficient evidence occur "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n.16. To support a conviction for possession of a controlled substance, the state must prove that (1) Petitioner exercised control, care, or management over the drugs, and (2) he knew the material he possessed was contraband. *Patterson v. State*, 138 S.W.3d 643, 649 (Tex. App. - Dallas 2004, no pet.). The "intent to deliver" element can be proven by circumstantial evidence, such as the quantity of drugs possessed and the manner of packaging.

*Id.* Further, intent to deliver can be established by expert testimony by a law enforcement officer, such as Detective Ragsdale. *Branch v. State*, 833 S.W.2d 242, 244-45 (Tex. App. - Dallas 1992, pet. ref'd). "The factors that may be considered include: (1) the nature of the place where the defendant was arrested; (2) the quantity of controlled substance possessed by the defendant; (3) the manner of packaging; (4) the presence of drug paraphernalia; (5) the defendant's possession of a large amount of cash; and (6) the defendant's status as a drug user." *Bryant v. State*, 997 S.W.2d 673, 675 (Tex. App. - Texarkana 1999, no pet.).

Petitioner argues that the state did not adequately prove the elements of the offense of possession with intent to deliver cocaine, rendering the evidence legally insufficient to uphold his conviction. As noted above, the trial transcripts show, and the state appellate court so found, that Petitioner knowingly had 55 grams of crack cocaine in his pocket, which clearly establishes his control over known contraband. *See Patterson*, 138 S.W.3d at 649. With regard to the "intent to deliver" element, the state appellate court noted that Detective Ragsdale testified that Petitioner's possession of 55 grams of crack cocaine, some of which was in saleable sizes, indicated that he was possessing the drugs with the intent to deliver; and this finding also is supported by the trial record. *Flanagan v. State*, No. 05-07-00543-CR (Vol. 1 of State Record at 2, 7); *Branch,* 833 S.W.2d at 244-45.

While the *Bryant* factors are in equipoise, given that only the first three factors are present in Petitioner's case, in light of the deference the federal court must accord to the state court's legal and factual findings under § 2254(d) and (e), habeas relief is not warranted. First, while Petitioner suggests that the state court unreasonably applied the principles of *Jackson* to the facts of his case, it is clear from the trial testimony that "after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Thus, the state court's application of clearly established federal law was not objectively unreasonable. *Williams*, 529 U.S. at 409; 28 U.S.C. § 2254(d)(1). Moreover, this court will not disturb the resolution of factual issues by the state court because Petitioner did not rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Finally, the state court's findings were not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Chambers*, 218 F.3d at 363 (quotation omitted); 28 U.S.C. § 2254(d)(2). Accordingly, Petitioner is entitled to no federal habeas relief on his claim that the evidence was legally insufficient to support his conviction.

**IV.    Recommendation**

The court should **DENY** Petitioner's petition for a writ of habeas corpus.

**SO RECOMMENDED on this 14th day of July, 2010.**

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

 A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE